

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00634-CV

**IN THE INTEREST OF A.B.R.**, B.R., Jr., and M.L.R., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02368
Honorable Dick Alcala, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: January 23, 2019

REVERSED AND RENDERED

B.R.[1] appeals from an August 21, 2018 order in which the trial court terminated his parental

rights to his children. In the order, the trial court found B.R.:

> knowingly engaged in criminal conduct that has resulted in the father's . . . inability
> to care for the child for not less than two years from the date of filing the petition,
> pursuant to § 161.001(b)(1)(Q), Texas Family Code.

A finding of one of the acts or omissions listed in section 161.001(b)(1) is necessary to support an

order terminating parental rights. TEX. FAM. CODE. § 161.001(b); *In re A.V.*, 113 S.W.3d 355, 362

(Tex. 2003). The trial court's finding under subsection (Q) is the only finding of an act or omission

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parties and children are referred to by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

under section 161.001(b)(1). B.R. argues the evidence is legally and factually insufficient to support the trial court's finding under subsection (Q).

The Department of Family and Protective Services agrees and "prays this Court will reverse the judgment of the trial court." According to the parties and the record, the petition was filed only ten months before trial and the evidence establishes B.R. was released from prison before trial. The Department asks that we remand this case to the trial court, and B.R. on the other hand asks that we render an order denying the Department's request for termination. When, as here, no evidence permits a reasonable factfinder to form a firm belief or conviction that a necessary finding is true, the evidence is legally insufficient, and rendition of judgment in favor of the parent is proper. *See* TEX. R. APP. P. 43.3; *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We reverse the trial court's order of termination[2] and render judgment denying the Department's request for termination of B.R.'s parental rights.

Luz Elena D. Chapa, Justice

---

[2] We do not disturb other parts of the trial court's order, including the appointment of the Department as the children's permanent managing conservator, because B.R. does not challenge any other part of the order except the termination of his parental rights.